Case 7:26-cv-03582-KMK Document 12 Filed 06/22/26 Page 1 of 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

THE ANNUITY, WELFARE AND APPRENTICESHIP SKILL IMPROVEMENT & SAFETY FUNDS OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 15, 15A, 15C & 15D, AFL-CIO BY THEIR TRUSTEES THOMAS A. CALLAHAN, JOHN McNAMARA, MICHAEL SALGO and ROBERT G. WESSELS, CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS, BY ITS CHIEF EXECUTIVE OFFICER JOSEPH SHELTON, and INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 15, 15A, 15C & 15D, AFL-CIO BY ITS PRESIDENT & BUSINESS MANAGER THOMAS A. CALLAHAN,

Plaintiffs,

-against-

RENTEQ RENTAL EQUIPMENT, LLC,

Defendant.

---------------------------------------------------------------X

~~PROPOSED~~
**DEFAULT JUDGMENT**

26-CV-3582 (KMK)

**KENNETH M. KARAS, United States District Judge:**

**WHEREAS**, Plaintiffs The Annuity, Welfare and Apprenticeship Skill Improvement & Safety Funds of the International Union of Operating Engineers Local 15, 15A, 15C & 15D, AFL-CIO by their Trustees Thomas A. Callahan, John McNamara, Michael Salgo and Robert G. Wessels ("Local 15 Trust Funds"), Central Pension Fund of the International Union of Operating Engineers by its Chief Executive Officer Joseph Shelton ("Central Pension Fund"), and International Union of Operating Engineers Local 15, 15A, 15C & 15D, AFL-CIO by its President and Business Manager Thomas A. Callahan ("Local 15"), commenced the above-captioned action against Defendant RENTEQ RENTAL EQUIPMENT, LLC ("RENTEQ") on April 30, 2026, under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185 in order to compel an audit of Defendant's payroll records and to recover fringe benefit contributions owed to employee fringe benefit trust funds and supplemental union dues, defense fund and political action committee payments owed to a labor organization based upon the breach of the terms and conditions of a collective bargaining agreement; and

**WHEREAS**, after Defendant failed to appear or otherwise defend this action, the Clerk of the Court entered default against Defendant on June 22 2026; and

**WHEREAS**, Defendant has failed to respond to the motion.

**NOW, THEREFORE, IT IS ADJUDGED AND DECREED**, that Plaintiffs' motion for a default judgment against Defendant is GRANTED as follows:

1. Defendant RENTEQ shall cooperate in the performance of an audit by the designated representative of Plaintiffs, by providing the following payroll records for the period of March 15, 2024 through April 30, 2026: (a) Tax Forms 941s; (b) Quarterly Payroll Tax Forms a/k/a NYS-45 Tax Forms; (c) Corporate Payroll Records (including information identifying hours paid and gross wages); (d) Cash Disbursements Records; (e) Tax Forms W-2s; (f) Payroll Reports (provided to the union or fund office, if applicable); and (g) Canceled Checks, for the purpose of determining whether there has been a deficiency in the required fringe benefit contributions, supplemental union dues and political action committee payments to Plaintiffs;
2. Plaintiffs shall retain the right to seek additional monetary relief from this Court in the event that a deficiency is scheduled as a result of the underlying audit; and
3. Plaintiffs shall be awarded attorneys' fees in the amount of $2,925.00, along with costs in the amount of $529.00, for a total liquidated amount of $3,454.00.

**ORDERED** that the Judgment rendered by the Court on this day in favor of Plaintiffs be entered as a final judgment against Defendant RENTEQ RENTAL EQUIPMENT, LLC and the Clerk of the Court is directed to enter such Judgment forthwith.

**SO ORDERED.**

**Kenneth M. Karas**
**United States District Judge**
9/24/26